IROQUOIS AUTO INSURANCE UNDERWRITERS ET AL. *v.*
STOCKER.

[No. 13,274.   Filed February 14, 1929.]

*Edward E. Meyer, Isadore J. Fine* and *William L.
Mitchell,* for appellants.

*John W. Spencer, James F. Ensle* and *John W. Spencer, Jr.*, for appellee.

McMahan, P. J.—Action by Fred S. Stocker against the Iroquois Auto Insurance Underwriters and the Iroquois Underwriters, Incorporated, to recover on an account for repairs to automobiles. Trial by the court resulted in a judgment for the plaintiff against the defendants for $334.30. Defendants appeal, their main contention being that the amount of the recovery is too large. While there were two defendants below and two appellants in this court, the cause was tried in the lower court and has been briefed in this court as if there were but one company, and that plan will be adopted by us, and the two companies will be designated as "appellant" or as "the Iroquois company."

The undisputed evidence shows that C. W. Youngblood was an insurance agent doing business in Evansville. Prior to July 9, 1925, he wrote policies in insurance companies other than in the appellant company, insuring owners of automobiles from loss and, in case of loss, he adjusted the loss, and, on his orders, appellee repaired the damaged cars. Sometime in July, 1925, he formed a connection with the Iroquois, and thereafter he wrote policies in that company and adjusted losses for it, and, when a car was damaged, he would adjust the loss, and send the car to appellee to be repaired.

The evidence does not disclose to a certainty when Youngblood ceased writing policies for companies other than the Iroquois. The evidence on this question is the testimony of Hilda Meeink, who was the bookkeeper and stenographer for Youngblood, and who testified that she began working for him in January, 1926; that while she worked for him, he wrote automobile insurance in no company except the Iroquois company, but that he represented other insurance companies and adjusted

losses for other automobile insurance companies. Of the $334.30, for which judgment was rendered, $227.75 was for work done on cars which were owned by persons to whom policies had been issued by appellant and $86.80 was for work done on cars not owned by any one to whom a policy had been issued by appellant and $19.75 was for work done on cars which may or may not have been owned by persons holding policies issued by appellant.

Appellant contends that it is not liable for the repairs of any car not described in a policy issued by it, and that Youngblood, in ordering repairs for cars not described in policies issued by it, was not acting within the apparent scope of his authority. Appellee seeks to sustain the judgment for $334.30, on the theory that the evidence is sufficient to sustain a finding that Youngblood, in sending the cars to appellee for repairs, was acting within the apparent scope of his authority as agent for appellant.

Youngblood, as agent for appellant, had authority to and did issue policies insuring the owners of automobiles against losses, and to adjust losses covered by policies issued by him and, when appellant was liable for a loss, he had authority to have the damaged cars repaired. The evidence is sufficient to sustain a finding that all of the work done by appellee, after Youngblood became the agent for appellant, was done pursuant to a written work order made on paper bearing the name of appellant, and which orders were signed by Youngblood. On the back of each work order, there was a release which was signed by the owner of the car when the work was completed, after which the release was returned to Youngblood with the bill for the work.

The evidence does not disclose the extent of the insurer's liability in any of the policies issued by Youngblood. It is a matter of common knowledge that many insurance policies not only insure

the holders thereof against loss by reason of damages to the automobiles owned by the insured and described in the policies, but that such policies also cover liability to third persons. Under such policies, the insurer's liability is not limited to damages to the automobile described in the policy as being owned by the insured. Appellant assumes, without any evidence to support the assumption, that it is not liable for that part of the judgment in excess of $227.75 because such excess was not for work done in repairing automobiles which were within the coverage of its policies. The single fact, if it be a fact, that the work was done on automobiles not owned by the holders of policies issued by Youngblood in the Iroquois company does not necessarily lead to a reversal. We will not assume that Youngblood was not acting within the apparent scope of his authority when he sent a damaged automobile to appellee with a work order on a paper bearing the name of the Iroquois company with a printed release on the back of such work order. In the absence of any evidence to the contrary, the trial court was justified in finding that the automobiles so repaired were covered by policies issued by appellant, and that Youngblood, to say the least, was acting within the apparent scope of his authority when he sent them to appellee to be repaired.

This being true, the judgment must be, and is affirmed.